# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 7 Case No. 13-02836 |
| | ) |
| DAVID G. BODE, | ) Hon. Donald R. Cassling |
| | ) |
| Debtor. | ) DuPage |
| | ) |
| RICHARD M. SUTICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary No. |
| | ) |
| DAVID G BODE, | ) |
| | ) |
| Defendant. | ) |

## RICHARD M. SUTICH'S COMPLAINT TO
## DETERMINE NON-DISCHARGABILITY OF DEBT
## AND MOTION FOR RELIEF FROM STAY

Richard M. Sutich ("Sutich"), by his undersigned counsel, Bruning & Associates, P.C., brings this Complaint seeking a determination of non-dischargability of a claim now pending pursuant to 11 U.S.C. § 523 and Bankruptcy Rule 7001. In support of this Complaint, Sutich states as follows:

## PRELIMINARY STATEMENT

1.     This is an adversary proceeding pursuant to 11 U.S.C. §§ 523(a)(6) and (9) to determine the non-dischargability of unliquidated claims against David G. Bode ("Bode") arising from Bode's assault, battery, and other related torts committed against Sutich on October 8, 2011 (the "State Court Lawsuit").

2.     The State Court Lawsuit is currently pending in the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois and has been assigned case number

2012L000876. A true and correct copy of the Complaint for the State Court Lawsuit is attached hereto as **Exhibit A**.

3.      The State Court Lawsuit seeks recovery for five counts. Counts I, II, and III of the Complaint for the State Court Lawsuit allege intentional torts, namely battery, assault, and intentional infliction of emotional distress. See **Exhibit A**, ¶¶ 5 – 20. Counts IV and V of the Complaint for the State Court Lawsuit allege negligent torts, namely negligence and the negligent infliction of emotional distress. See **Exhibit A**, ¶¶ 21 – 32.

4.      In this adversary proceeding, Sutich seeks a finding that the intentional-tort claims and insurance coverage for negligent-tort claims contained within the State Court Lawsuit are excepted from discharge in Bode's bankruptcy case, and if so, for relief from the automatic stay pursuant to 11 U.S.C. § 362(a).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334(b).

6.      This proceeding arises in a case under Title 11 and, because it seeks determination that Sutich's claim against Bode is excepted from discharge, it arises under Title 11.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

8.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (I).

## PARTIES

9.      Plaintiff, Sutich, is a resident of DuPage County, Illinois, within the jurisdiction of the United States Bankruptcy Court for the Northern District of Illinois.

10. Defendant, Bode, is a resident of DuPage County, Illinois, within the jurisdiction of the United States Bankruptcy Court for the Northern District of Illinois.

## FACTS COMMON TO ALL COUNTS

### The Incident

11. Sutich is a limousine driver. On the evening of October 8, 2011, Bode contracted with Sutich's employer, Keen Limousine, to be driven in a town-car-style limousine from Bode's home in Glen Ellyn, Illinois to the Chicago Blackhawks hockey game at the United Center in Chicago, Illinois.

12. Bode drank to intoxication at the Blackhawks game, smelled strongly of alcohol, and otherwise was visibly intoxicated after the game. A police report indicating the impressions and observation of Bode's intoxication by both Sutich and the arresting officer is attached hereto as **Exhibit B**. If called as witnesses in this matter, both Sutich and the arresting officer could testify to the portions of the police report that they respectively authored.

13. Sutich picked up Bode and a woman from the Blackhawks game. Bode was visibly agitated and disoriented. Bode's confusion over whether Sutich was driving in the right direction further agitated Bode. See **Exhibit B**, at p. 10.

14. En route to Bode's home, at and around mile post 136 in the westbound lane of I-88, situated in the Village of Oak Brook, County of DuPage, and State of Illinois, Bode reached forward from the back seat and without provocation punched Sutich on and around the back of the head repeatedly. See **Exhibit A**, ¶¶ 4 – 10.

15. Sutich suffered damages from the attack including, but not limited to, medical bills, lost wages, pain and suffering, and permanent hearing damage.

16.  The incident, as described above in ¶¶ 10 – 15 is the basis for the State Court Lawsuit.

### The Criminal Conviction

17.  As a result of Bode's attack of Sutich, a criminal prosecution of Bode was initiated by the filing of verified criminal complaints. See **Exhibit B**, at pp. 5 – 8. With respect to actions taken against Sutich, Bode was charged with criminal misdemeanor battery pursuant to 720 ILCS 5/12-3(a)(1). This case was assigned case number 2011DV001446 and pended in Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois.

18.  On December 18, 2012, Bode pleaded not guilty to the criminal complaint of misdemeanor battery but stipulated to facts sufficient for a finding of guilt. The Honorable Kim Wilson found Bode guilty of criminal battery.

19.  The criminal case is still active, pending compliance with the terms of Bode's probation and sentence.

### COUNT I
### (Exception to Discharge, 11 U.S.C. § 523(a)(6))

20.  Sutich incorporates by reference ¶¶ 1 – 19 of the Complaint as this ¶ 20 as though fully set forth in this Count I.

21.  Count I of the State Court Lawsuit is a claim for the common-law tort of battery. See **Exhibit A**, ¶¶ 5 – 10. Count II is a claim for the common-law tort of assault. *See id.* at ¶¶ 11 – 14. Count III is a claim for the common-law tort of intentional infliction of emotional distress. *See id.* at ¶¶ 15 – 20. Battery, assault, and intentional infliction of emotional distress are intentional torts.

22.  Section 523(a)(6) of the Bankruptcy Code states that "A discharge under section 727. . . of this title does not discharge an individual debtor from any debt for willful and

malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

23. "It is well established that a [civil] judgment for an assault and battery necessarily involves a wilful and malicious injury and that malice is the gist of such action." *Gorczyca v. Stanoch*, 308 Ill. App. 235, 238, 31 N.E.2d 403, 404 (Ill. App. Ct. 1941).

24. Further, a finding of guilt on the criminal charge of battery estops a criminal defendant from arguing that his actions and the damages flowing from those actions were not willful and malicious for purposes of the Bankruptcy Code. *See In re Pokorny*, 143 B.R. 179, 182-83 (Bankr. N.D. Ill. 1992) ("The criminal case verdict decided the willful and malicious issue").

25. Similarly, with the intentional infliction of emotional distress count of the State Court Lawsuit, because it is an intentional tort, the willful and malicious standard is satisfied. *See id.*, 143 B.R. at 182 ("Debts which are based on traditional intentional torts . . . are generally non-dischargeable under § 523(a)(6).")

26. Movant desires to continue prosecuting the intentional-tort counts of the State Court Lawsuit, Counts I through III, against Bode in State Court

27. The foregoing constitutes "cause" within the meaning of Section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to permit Movant to take those steps described in the preceding paragraph.

WHEREFORE, Plaintiff, Richard M. Sutich, respectfully requests that this Court enter a judgment determining that Counts I through III of the State Court Lawsuit are not dischargeable pursuant to 11 U.S.C. § 523(a)(6), granting his motion for relief from the automatic stay with respect to those counts, and granting such further relief as the Court deems just and proper.

## COUNT II
**(Exception to Discharge, Insurance Coverage)**

28. Sutich incorporates by reference ¶¶ 1 – 27 of the Complaint as this ¶ 28 as though fully set forth in this Count II.

29. Bode's bankruptcy petition lists a residential house located at 25391 Chaucer, Glen Ellyn, IL 60137 as an asset of the bankruptcy estate and two mortgages of that property as secured claims. Accordingly, Bode likely held a homeowners insurance policy and related insurances policies as assets at the time of filing his bankruptcy petition and at the time of the commission of the torts alleged above. Bode has not, however, listed those insurance policies as assets of the bankruptcy estate.

30. Sutich does not know the substance or nature of the residential homeowner's insurance policy or policies other than that they likely existed at all relevant times. On information and belief, Sutich believes that such a homeowner's policy would include a duty to defend and a duty to indemnify Bode for negligent torts.

31. The bankruptcy discharge does not discharge the obligation of the debtor's insurer's obligations under an insurance policy. *See Matter of Shondel*, 950 F.2d 1301, 1308 (7th Cir. 1991) *quoting In re Jet Florida Sys., Inc.*, 883 F.2d 970, 974 (11th Cir. 1989) ("the 'fresh-start' policy 'is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured.'"); *Matter of Hendrix*, 986 F.2d 195, 197 (7th Cir. 1993) ("a suit to collect merely the insurance proceeds and not the plaintiff's full damages (should they exceed the insurance coverage) would not create a "personal liability of the debtor," because only the insurance company would be asked to pay anything, and hence such a suit would not infringe the discharge.").

32. Movant desires to continue prosecuting the negligent-tort counts of the State Court Lawsuit, Counts IV and V, against Bode in State Court for the purpose of liquidating his claim. If Sutich obtains a recovery or judgment against the Debtor, Bode, on Counts IV or V of the State Court Lawsuit. Movant will seek to enforce it solely against the proceeds of insurance, and will not seek to enforce the recovery or judgment against the Debtor, property of the Debtor, or property of the estate.

33. The foregoing constitutes "cause" within the meaning of Section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to permit Movant to take those steps described in the preceding paragraph.

WHEREFORE, Plaintiff, Richard M. Sutich, respectfully requests that this Court enter a judgment determining that any insurance coverage indemnifying Bode for Counts IV and V of the State Court Lawsuit are not dischargeable, granting his motion for relief from the automatic stay with respect to those counts and granting such further relief as the Court deems just and proper.

Dated: April 19, 2013                    Respectfully submitted,
                                         RICHARD M. SUTICH


                                         By:    /s/ John P. Dickson

John P. Dickson (ARDC #6303179)
BRUNING & ASSOCIATES, P.C.
333 Commerce Drive, Suite 900
Crystal Lake, Illinois 60014
815-455-3000 tel
815-455-3049 fax
jdickson@bruninglaw.com